## HOWARD *v.* ROCKWELL.

Debt on a judgment rendered before a justice of the peace.   The plaintiff having proved the judgment by the docket of the justice, the defendant gave in evidence an entry on the same docket, showing that the cause was, on a day named, removed to the Supreme Court by *certiorari:*   To rebut which, the plaintiff proved an order of the Supreme Court, made about the same time, dismissing from the docket of that court, a cause having the same title.   *Held* that, *prima facie*, the order was in the same cause in which the judgment of the justice was rendered.

*Held*, also, that the order was a decision of the Supreme Court, that the cause had not been, in fact, removed from the justice into that court, and that the judgment of the justice was in full force.

ERROR to Oakland Circuit Court.   Debt on a judgment rendered before a justice of the peace.   Rockwell was plaintiff and Howard defendant in the Court below.   On the trial, Rockwell, having proved the judgment by the docket of the justice, Howard gave in evidence, from the same docket, an entry of the justice that the cause had been removed to the Supreme Court by writ of *certiorari*, which had been served upon him, and his fees paid for making the return, and also that the execution

issued upon the judgment had thereupon been recalled. To rebut this evidence, Rockwell offered in evidence a certified copy of an order of the Supreme Court dismissing from the docket of that court, a cause having the same title with that in which the judgment of the justice was rendered; which order appeared to have been made, about the time when, by the entry on the justice's docket, the *certiorari* was returned. On the part of Howard it was objected that this evidence was inadmissible: (1.) Because there was no evidence that the order was in the same cause removed from the justice's court by the *certiorari*; and (2.) Because, after the *certiorari* was returned, the Supreme Court possessed the cause, and the judgment of the justice was vacated, the only remedy of Rockwell being in that court, or on the bond given on the issuing of the *certiorari*. The Court overruled the objection, and, the evidence being admitted, charged the jury that, *prima facie*, the order of the Supreme Court was in the same cause certified on the justice's docket to have been removed to that court by *certiorari*, and, unless the contrary was shown, their verdict must be for Rockwell.

Howard excepted to the decision of the Court admitting the evidence, and to the charge to the jury; and, a verdict having been found against him, and judgment rendered thereupon, brought the cause into this court by writ of error and bill of exceptions.

*Wm. Draper*, for the plaintiff in error.

*Geo. W. Wisner*, for the defendant in error.

FELCH, J. delivered the opinion of the Court.

The entry in the justice's docket in reference to the certiorari, could, at most, be only evidence of his proceedings in the cause entered on his docket, on the service of a writ of certiorari upon him. It would only show

the service upon him of a paper purporting to be such writ, the making of his return upon it, on the payment of his fees therefor, and the recal of the execution.   As to the regularity of the proceedings to obtain such certiorari, or any defect in the proceedings, going to the question of jurisdiction of the court,—these were matters of which the justice had no knowledge, which he could not decide, and upon which his minutes could be no proof.   These were to be decided upon by the court to which the certiorari was returnable.   It was competent for the defendant in error, to meet the proof made by the entry of the service of the writ removing the cause to the Supreme Court, by showing the proceedings in the cause in that Court.   The certified copy from the journal of the Supreme Court, which was admitted in evidence, purported to be proceedings in a cause entered upon the docket between the same parties, their names standing in the same relative position, in the same court, and about the same time, as that shown on the justice's minutes.   This was sufficient *prima facie* evidence that it was the same cause.   The testimony was, therefore, properly admitted.

It is also contended by the plaintiff in error, that the Supreme Court actually possessed the cause, and that the judgment before the justice was vacated,—the remedy of the party being in the Supreme Court, or on the bond given by the person obtaining the certiorari.   This leads us to an inquiry as to the legal effect of the order entered in the case.   When the parties and subject matter are properly before the Court, the jurisdiction being complete, the Court proceed to adjudicate upon the merits of the cause.   In that event, we are to expect a final disposition of the cause in the Court above.   In such case, however, no court would enter an order to strike the cause from the docket.   Such an order necessarily implies that the court do not adjudicate on the merits of the controversy be-

Howard *v.* Rockwell.

tween the parties.    It conveys to the mind the idea, that, although such a case is entered on the docket, yet it is improperly there, and that no adjudication can be made in the matter on the merits, and therefore it should not cumber the calendar.    When, from any defect in the proceedings, or for other cause, there is no jurisdiction in the case, such an order may be proper.    Such an order must be considered as a determination of the Supreme Court, that the cause was never, in fact, removed from the justice into that court.    And, if not so removed, the judgment before the justice still continued in full force, and might well be the foundation of an action of debt.    The effect of this testimony was, therefore, to rebut the presumption arising from the testimony of the removal of the case by certiorari to the Supreme Court, by showing that the latter court never acquired or exercised jurisdiction over the matter.    The judgment below remained in the same condition as when the certiorari was obtained.    The Court below, therefore, correctly charged the jury, as to the effect of the testimony given in the case.

GOODWIN, J. did not participate in the decision of this cause.

*Judgment affirmed.*